DISTRICT COURT
FILED

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

AUG 31 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

CINDA GREEN, )
            )
    Plaintiff, )      **JURY TRIAL DEMANDED**
            )
vs.         )      Case No. CJ-2012-04581
            )
MINNESOTA LIFE INSURANCE )   Judge    LINDA G. MORRISSEY
COMPANY, )
            )
    Defendant. )

## PETITION

The Plaintiff, Cinda Green, for her petition against the Defendant, Minnesota Life Insurance Company ("MLIC"), does allege and aver as follows:

1)   Cinda Green and Thomas Green were married to each other and residents of Tulsa County at all relevant times.

2)   Cinda Green and Thomas Green owned the home located at 709 North 23rd West Avenue, Tulsa, Oklahoma 74127-5202 at all relevant times, upon which they had granted a Mortgage to Wells Fargo Home Mortgage, Loan No. HHFJFJRXHZ.

3)   As a condition of their home mortgage, at the time when it was granted in July, 2003, accidental death insurance was purchased by the Greens. The purpose of their policy of accidental death insurance was to allow the survivor of Mr. or Mrs. Green to possess sufficient funds with which to pay-off their mortgage indebtedness in the event of the untimely death of the other.

4)   The Defendant, MLIC, sold to Cinda and Thomas Green a certain accidental death insurance policy in July 2003, MLIC Contract No. 0390041-1101215236. The original insurance amount was $77,444, and the monthly premiums were initially $14.04, commencing October 1, 2003.

**EXHIBIT 1**

5) On information and belief, MLIC is an insurance company based in Minnesota but permitted by the Oklahoma Insurance Commissioner to sell accidental death insurance in Oklahoma.

6) The Plaintiff fully performed her obligations under the Defendant's accidental death insurance policy, to include the timely payments of all premiums.

7) On September 11, 2009, Thomas Green died from an accidental death. Specifically, he was a ventilator-dependant patient at Continuous Care Center, Inc. in Tulsa recovering from a neurologic stroke when, on September 1, 2009, his tracheostomy tube was accidently dislodged from his trachea, thereby causing ventilator-forced air to enter his subcutaneous skin which thereby insufflated his body habitat causing bilateral pneumothorax to occur followed by depravation of oxygenated blood to the brain, which thereby caused a profound hypoxic brain injury from which he died on September 11, 2009.

8) Following Thomas Green's accidental death of September 11, 2009, his widow timely submitted a claim for payment of the full benefits allowed pursuant to the Greens' Accidental Death Policy of insurance.

9) Cinda Green's timely request for payment of Defendant's accidental death insurance proceeds was refused by the Defendant on October 14, 2010.

10) The amount of accidental death insurance that MLIC was required to pay to the Plaintiff and which they have now failed to pay to the Plaintiff equaled the outstanding and unpaid balance of the Greens' mortgage debt to Wells Fargo on the date of Thomas Green's September 11, 2009 death, which amount was approximately $50,000.

### Plaintiff's First Cause of Action:
### Damages Caused by Defendant's Breach of Contract

11) The Plaintiff re-alleges and incorporates herein the facts alleged in ¶¶ 1 through 10 above.

12) MLIC has breached its accidental life insurance policy with the Plaintiff, and Plaintiff has suffered damages in an amount presently unknown to the Plaintiff, but which she verily believes to be less than $75,000.

WHEREFORE, Plaintiff requests a verdict and judgment against the Defendant MLIC for the amount of all breach-of-contract damages proven by the Plaintiff to have been caused by the Defendant MLIC. Plaintiff also requests an award of her costs and interest.

### Plaintiff's Second Cause of Action:
### Damages Caused by the Defendant's Bad Faith Evaluation, Negotiation, and Denial of Plaintiff's Claim

13) The Plaintiff re-alleges and incorporates herein the facts alleged in ¶¶ 1 through 10 and 12 above.

14) An insurance company has a duty to deal fairly and in good faith with its insureds.

15) The Defendant MLIC acted tortiously and with bad faith when it evaluated, negotiated, and denied Plaintiff's timely and proper and meritorious claim for accidental death benefits.

16) Specifically, on October 10, 2010, when MLIC denied Plaintiff's claims for benefits without just cause or reason, MLIC used its position of great power and wealth to overreach with a grieving impoverished widow who had dutifully paid her monthly accidental death policy premiums every month since October 2003.

17) MLIC was required by the terms of its contract with the Plaintiff to pay her claim.

3

18) MLIC's refusal to pay Plaintiff's claim was unreasonable under the circumstances because: 1) it did not perform a proper investigation of the claim; 2) it did not evaluate the results of its investigation properly; and 3) it had no reasonable basis for the denial of the claim.

19) MLIC did not deal fairly and in good faith with the Plaintiff.

20) The violation by MLIC of its duty of good faith and fair dealing was the direct cause of injury and damages sustained by the Plaintiff, to include her emotional and physical distress; pain and suffering; financial losses; and related expenses.

21) When MLIC denied Plaintiff's claim, it acted either with reckless disregard of its duty to deal fairly and act in good faith towards its insured, or it did so intentionally and with malice.

22) Punitive damages are required to punish MLIC for its overreach of this grieving widow Plaintiff, and for its abuse of the power it has over her by virtue of its position of great wealth and her disadvantage of limited means, unlimited grief, and unfunded mortgage debt.

23) The damages that Plaintiff seeks on her second cause of action exceeds $75,000 in amount.

WHEREFORE, Plaintiff requests that she have a verdict and judgment against the Defendant for all damages proven by her to have resulted from Defendant's bad faith conduct, to include an award of punitive damages. Plaintiff requests also that she be awarded her costs and interest.

RICHARD A. SHALLCROSS & ASSOCIATES, P.L.L.C

By: _____R A S_____

Richard A. Shallcross, OBA #10016
1645 South Cheyenne Avenue
Tulsa, Oklahoma 74119
(918) 592-1645
*Attorney for the Plaintiff, Cinda Green*

4